## HARRIS v. UNITED STATES.

### No. 62.

Municipal Court of Appeals for the District of Columbia.

April 19, 1943.

James K. Hughes, of Washington, D. C., for appellant.

John P. Burke, Asst. U. S. Atty., of Washington, D. C. (Edward M. Curran, U. S. Atty., and Charles B. Murray and Ray L. Jenkins, Asst. U. S. Attys., all of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a conviction on a charge of possession of "numbers slips." [1] Appellant was arrested on January 5, 1943, and on January 8 was arraigned, pleaded not guilty, and waived his right to a jury trial. Trial commenced on the day of arraignment.

The Government's evidence was to the effect that on January 5, 1943 two police officers saw appellant, while standing on the sidewalk, approached by an unidentified man who handed appellant "something"; that appellant made a notation in what appeared to be a "numbers book" and the man walked away. The two officers then approached appellant, questioned him as to his name and address and whether or not he had a draft registration card, and placed him under arrest. While appellant was being taken to the police precinct he was asked by one of the officers to surrender his numbers slips and he produced two numbers books from his overcoat pocket and handed them to the officer. At the precinct appellant was searched and additional numbers slips were found in his pocket.

The Government then offered to prove that the police officer had observed appellant engaged in similar conduct on the preceding day, but the court, being in doubt as to the admissibility of such evidence, continued the cause to enable the Government to submit authorities. Trial was resumed on January 15 and at this time counsel for appellant moved to suppress any evidence taken from appellant subsequent to his arrest, asserting the arrest was illegal. Government counsel objected that the motion was untimely and should have been made prior to trial. The case was again continued and the motion taken under advisement by the court, the Government having offered no further testimony and appellant having offered none. On January 25 the court overruled the motion to suppress for the reason it had not been seasonably made, and entered a finding of

---

[1] Code 1940, § 22—1502. The "numbers game" is a lottery. Forte v. United States, 65 App.D.C. 355, 83 F.2d 612, 105 A.L.R. 300.

guilty. From judgment upon such finding this appeal was taken.

The sole error assigned is the refusal of the trial court to grant the motion to suppress the evidence.

Appellant relies chiefly upon Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647, but that case holds a motion to suppress made during progress of a trial is timely only when there has been no opportunity to present the matter in advance of trial. See Segurola v. United States, 275 U.S. 106, 111, 48 S.Ct. 77, 72 L.Ed. 186.

In the Segurola case the court, 275 U.S. at page 112, 48 S.Ct. at page 80, 72 L.Ed. 186 said: "To preserve their rights under the Fourth Amendment, they must at least have seasonably objected to the production of the liquor in court. This they did not do, but waited until the liquor had been offered and admitted and then for the first time raised the question of legality of seizure and probable cause as a ground for withdrawing the liquor from consideration of the jury. This was too late."

The United States Court of Appeals for this District in Bennett v. United States, 70 App.D.C. 76, 104 F.2d 209, citing the Segurola case, said: "We need not consider whether the seizures were illegal, for appellants should have asserted their supposed rights in that regard before trial." [2]

In the later case of Smith v. United States, 72 App.D.C. 187, 188, 112 F.2d 217, 218, certiorari denied 311 U.S. 663, 61 S.Ct. 20, 85 L.Ed. 425, the court said: "The objection was not made until the trial was well under way, and we have recently held that, unless there is no opportunity to make the motion in advance of trial, the objection comes too late after the trial is in progress. Bennett v. United States, 70 App.D.C. 76, 104 F.2d 209. Here there is no showing that appellant lacked this opportunity. See

Nardone v. United States, 308 U.S. 338, at page 342, 60 S.Ct. 266, 84 L.Ed. 307."

The latest expression on this question by the Supreme Court, which we have found, is in Goldstein v. United States, 316 U.S. 114, 120, 62 S.Ct. 1000, 1003, 86 L.Ed. 1312, where the court said: "It has long been settled that evidence obtained in violation of the prohibition of the Fourth Amendment cannot be used in a prosecution against the victim of the unlawful search and seizure *if he makes timely objection.*" (Italics added.)

All the foregoing cases involved charges of felony while the instant case is one of misdemeanor, but we have found no authority which relaxes the rule in cases of misdemeanor. We are mindful of the fact that proceedings in the criminal division of the Municipal Court are somewhat informal in nature and that less time elapses, as a rule, between arraignment and trial than in cases of indictment for felony, but this is only a matter of degree. The question in each case is whether, under the facts of that case, there was reasonable opportunity to make the motion prior to trial.[3] Here, the appellant, of course, knew when the numbers slips were taken from his possession, and could have made a motion to suppress prior to his arraignment three days later, or could have made such a motion after arraignment and prior to commencement of the trial. He made no such motion even at the time the evidence was received but waited until the trial was resumed on the 15th. No showing is made by appellant of any lack of opportunity to make such motion nor is any showing made excusing the delay in making it. Under these circumstances, we hold that the motion to suppress was not timely made and the denial of the motion was not error. Accordingly, the judgment is affirmed.

Affirmed.

[2] On petition for re-hearing in the Bennett case, upon a showing that it was a practice of the trial judge not to allow a motion to suppress to be heard prior to trial, the court held the objection to be timely, "since the case is actually one 'where there has been no opportunity to present the matter in advance of trial.'"

[3] In Nardone v. United States, 308 U. S. 338, 342, 60 S.Ct. 266, 268, 84 L.Ed. 307, involving a statutory prohibition and not a constitutional privilege, the court said: "And if such a claim is made after the trial is under way, the judge must likewise be satisfied that the accused could not at an earlier stage have had adequate knowledge to make his claim."