In re DAVIS.

No. 1065.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 20, 1951.

Decided Oct. 3, 1951.

1. Hearst Radio, Inc., v. Good, 67 App.D. C. 250, 91 F.2d 555; Potts v. Catterton, D.C.Mun.App., 82 A.2d 133; Code 1940, Supp. VII, 11–772(c).

Albert A. Stern, Washington, D.C., for appellant.

Edward A. Beard, Asst. Corporation Counsel, Washington, D.C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Asst. Corporation Counsel, Washington, D.C., were on the brief, for appellee, District of Columbia.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Respondent, who was 17 years old at the time of the alleged offense, was adjudicated guilty by a jury in Juvenile Court of taking property without right[1] and committed to the National Training School for Boys

1. Code 1940, § 22-1211, provides: "The taking and carrying away of the property of another in the District of Columbia without right to do so shall be a misdemeanor, punishable by a fine not to exceed one hundred dollars, or imprisonment for a term not to exceed six months, or both."

Code 1940, § 11-907, provides that except as therein otherwise provided the Juvenile Court shall have original and exclusive jurisdiction of all cases and in proceedings: * * * (b) "concerning any person under 21 years of age charged with having violated any law, or violated any ordinance or regulation of the District of Columbia, prior to having become 18 years of age, subject to appropriate statutes of limitation."

Code 1940, § 11-915, provides inter alia

until he becomes 21. This appeal challenges his adjudication.

At the trial respondent was represented by one counsel who filed this appeal and made some 22 assignments of error, but such counsel has since died and respondent's present counsel, while formally repeating the previous assignments of error, has urged only a few of them on brief and oral argument. Nevertheless, since respondent is a juvenile, we have felt we should examine the record with particular care to satisfy ourselves that the proceedings were in all respects proper.

 Respondent appeared in Juvenile Court with a brother and counsel and another boy accompanied by his mother. They denied the allegations of the petition which were that they had entered the Church of God in the District of Columbia and had taken an amplifier and microphone. The complainant was the minister of the Church. The charge against the second boy was subsequently dismissed by the prosecutor. Originally it was charged in the petition that the taking had occurred at 11:30 a. m., but this was subsequently changed, at the request of the prosecution, to 11:30 p. m. to conform to the proof, and the case was continued for a week to allow the respondent to reconstruct his defense. This amendment of the petition is one of the errors assigned. Another error claimed is that at the beginning of the hearing and in the presence of the jury counsel for the Government asked for a five-minute recess because the amplifier and microphone were in the automobile of the complaining witness outside of the courthouse and that counsel for respondent had refused to waive the physical presence of these objects in the courtroom. A motion by respondent's counsel to declare a mistrial on the ground that this statement in the presence of the jury was prejudicial was denied. We think it clear that neither of those rulings constituted error.

 The only witnesses were the minister and two police officers who had interviewed respondent following his arrest. One of these officers stated that a relative of respondent was present at the time of his interview, but the statement of proceedings and evidence is silent on the question of whether any relative was present during the interview with the second policeman. Both policemen testified that the interviews occurred at a police station, that respondent admitted he had participated in the theft, and had identified the stolen articles which had been brought to the station house.

The principal assignment of error urged by respondent's present counsel has to do with the testimony of the police officers regarding alleged confessions made to them. Counsel relies upon McAffee v. United States, 70 App.D.C. 142, 105 F.2d 21, holding that a trial judge must first determine whether or not there is evidence upon which the confession might be held to be voluntary, and, if the judge concludes there is no such evidence, then he must exclude the confession from the case; but if in his view there is evidence from which it might be held to be voluntary, he must admit it in evidence and submit it to the jury under proper instructions. In the McAffee case, however, the voluntary nature of the confession was contested. Here no such error was assigned by respondent's original counsel who was present at the trial below, and the statement of proceedings and evidence approved by the trial judge, as well as by respondent's original counsel, makes no reference to whether or not any inquiry was made regarding the voluntary nature of the confessions to the police officers. Our rule 23(a) provides that the statement of proceedings and evidence shall include

that the Juvenile Court may conduct the hearing in an informal manner, that in the hearing of any case the general public shall be excluded and only such persons as have a direct interest in the case and their representatives admitted, that the Court may place the child on probation

or under supervision in his own home or in the custody of a relative or other fit person upon such terms as the Court may determine, or commit the child to the Board of Public Welfare, or to the National Training School for Girls or the National Training School for Boys.

only such portion of the proceedings and evidence as is necessary fully and clearly to present the rulings of the trial court, in which error is claimed. Furthermore, at the trial no question was raised in respondent's behalf as to the voluntary nature of the alleged confessions. While some state courts hold otherwise, in the federal courts a confession is presumed to be voluntary.[2] As stated by Wigmore,[3] the rule that a confession is prima facie admissible, and requiring a defendant to show that improper inducements existed, is the practical and natural rule for, if there is any reason to object to a confession no one knows it better than a defendant. We must hold that respondent has failed to establish error in this respect.

 Two other assignments of error merit discussion. The first of these has to do with a request by respondent's counsel that the judge instruct the jury as a matter of law that the failure of respondent to testify must not be construed against him in any way. The judge's complete charge to the jury is included in the record. The only part of the charge which might be construed as meeting the request was this: "In this case, as in all criminal cases, the respondent is not required to prove himself innocent or to put in any evidence on the subject, and his failure to do so can not be held against him. This is consistent with our theory of the law that a man is presumed to be innocent until he is proven guilty, and the Government must establish the guilt of the defendant beyond a reasonable doubt."

This instruction, while proper in itself, did not meet respondent's request. It made no reference to respondent's failure to testify in his own behalf. An instruction from the judge that the jury should draw no unfavorable inference from the failure of the accused to testify in his own behalf is one which the court is required to give when requested by the accused.[4] The instruction as given did not meet this test. This error alone requires reversal.

 Respondent's final principal assignment of error has to do with an incident alleged to have occurred during the trial but not called to the trial court's attention until it was raised at a hearing of a motion for a new trial after respondent's conviction. At that time there was submitted to the court affidavits of respondent and of the other boy originally charged that during a lunch recess on the day of trial, while in the corridor of the courthouse, they had heard a juror whose name they did not know but whom they could identify state that "truth serum" should be given to respondent before he took the stand. This statement, if true, clearly indicated that the juror in question at that time was not completely unbiased.

In Duncan v. United States, U.S.App. D.C., 191 F.2d 779, decided July 26, 1951, where a new trial was requested because of conversations of the prosecuting attorney with several members of the jury during recess in the trial, the court approved as "appropriate procedure" the action of United States District Judge Pine in probing the matter by a hearing at which jurors who participated in the interchanges testified that they were not biased thereby. It was after this hearing that the judge refused a new trial and the appellate court held that he had not abused his discretion. (In fairness to the trial judge, we note that the trial of the present case was held prior to the decision in Duncan v. United States.) The fact that during the progress of the trial and before the submission of the case a juror has made statements outside the jury room concerning the case or evidence offered therein indicating an opinion unfavorable to the losing party or ill

---

2. Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090; Ah Fook Chang v. United States, 9 Cir., 91 F.2d 805; Gray v. United States, 9 Cir., 9 F. 2d 337.

3. 3 Wigmore, Evidence (3d ed.) § 860, p. 342.

4. Wilson v. United States, 149 U.S. 60, 67, 13 S.Ct. 765, 37 L.Ed. 650, cited in Smith v. United States, 72 App.D.C. 187, 189, 112 F.2d 217, certiorari denied 311 U.S. 663, 61 S.Ct. 20, 85 L.Ed. 425.

will toward him is ground for a new trial unless the court gives a special instruction on such conduct, and a new trial may be granted where the guilty juror was not known to the losing party or his attorney until after the trial and such party was prejudicially affected.[5] Here it is clear that since respondent himself heard the alleged remark during the progress of the trial, he or his counsel should have reported the incident immediately to the trial court. But since his trial counsel is now deceased, we are not informed whether he knew of the incident, and a juvenile is not as likely to know his rights as an adult is presumed to know them. We have concluded that the trial judge should have inquired into the matter before acting on the motion for a new trial. Since this question was one of the subjects raised on the motion for a new trial, we assume, since the record is silent on the subject, that no further inquiry was made.

We deem it appropriate to mention one other incident which, while not assigned as error, may recur at a new trial. Aside from respondent's confessions the only evidence connecting him with the theft was the testimony of one of the police officers that respondent told him the articles taken were on the porch of respondent's home, and, further, that the officer then dispatched another officer to the boy's home and the second officer returned with the articles. The latter officer did not testify. While juvenile courts are not bound by technical rules of evidence, it is clear that such evidence, considered aside from the confession, was insufficient to establish respondent's guilt.

Reversed, with instructions to grant a new trial.

5. 66 C.J.S., New Trial, § 53, p. 167.