**Mary B. RILEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 12512.**

United States Court of Appeals District of Columbia Circuit.

Argued May 23, 1955.

Decided July 14, 1955.

---

21. These questions are addressed to an unincorporated association.

Messrs. Joseph F. Salisbury and Michael F. X. Dolan (appointed by the District Court), Washington, D. C., for appellant.

Mr. Fred L. McIntyre, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., Lewis Carroll and Thomas A. Flannery, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, WASHINGTON and BASTIAN, Circuit Judges.

BAZELON, Circuit Judge.

Appellant was convicted of manslaughter. At the trial she claimed that she had stabbed her common-law husband to death in self-defense.

According to the testimony of a policeman, appellant stated orally and in writing that she engaged in a fight with the deceased; that, while they were wrestling on the floor facing each other, the appellant on her left and the deceased on his right side, appellant stabbed the deceased in his back. Dr. Murphy, the deputy coroner, on the basis of an autopsy he performed, described the nature and direction of the stab wound. He was then asked to express his opinion, in response to a hypothetical question, whether it was physically possible for the left-handed appellant, "holding a knife in her left hand, to have inflicted the type of wound * * * found on decedent" in the manner that she explained to the policeman. The trial court overruled defense objections and permitted Dr. Murphy to answer. He testified:

"I think it would have been impossible to inflict the wound described by me, as cited in the question. My reason for saying that—may I explain, sir? * * * My reason for saying that is because of the fact if a person was left-handed, facing an individual, in order to inflict a wound carrying the direction of the wound that I described, the arm would have had to go under the body and the thrust come from in back, with the arm under the body, and there would have been a loss of function of that arm from pressure of the body on the muscles of the arm."

Admission of this testimony, appellant says, is reversible error. We do not agree.

Even where, as here, the expression of opinion by an expert on a hypothetical question closely touches the ultimate issue which the jury must determine,[1] it is admissible so long as it relates to matters within the witness' special competence and skill and not to matters of common knowledge and observation.[2] Dr. Murphy's opinion required knowledge of human anatomy and of the character of wounds and their effect on body tissue. He had to determine if the muscles and joints in the arm, located in the position appellant described, could have operated with sufficient power to inflict the stab wound; he also had to consider the direction and extent of penetration of the wound. Testimony of this nature is for medical experts, not laymen.[3] Hence the

---

1. Dr. Murphy did not testify on the ultimate issue of self-defense. His testimony cast doubt on appellant's credibility by rebutting her statement that the wound was inflicted in the manner and from the position she described. On cross-examination, he conceded that the stabbing could have occurred in two other ways during the wrestling: first, if decedent had rolled on the knife, and second, if he were on top of appellant when she was on her back.

2. See Pasadena Research Laboratories v. United States, 9 Cir. 1948, 169 F.2d 375,

385, certiorari denied, 1948, 335 U.S. 853, 69 S.Ct. 83, 93 L.Ed. 401; Murray v. United States, 1923, 53 App.D.C. 119, 121–122, 288 F. 1008, 1011. Accord, Kenney v. Washington Properties, 1942, 76 U.S.App.D.C. 43, 45, 128 F.2d 612, 614, 146 A.L.R. 1.

3. Commonwealth v. Spiropoulos, 1911, 208 Mass. 71, 72, 94 N.E. 451, 452; State v. Avery, 1933, 176 La. 264, 270–274, 145 So. 535, 536–537. Cf. Bram v. United States, 1897, 168 U.S. 532, 569, 18 S.Ct. 183, 42 L.Ed. 568.

court properly exercised its discretion in permitting Dr. Murphy to respond to the hypothetical question and thus to assist the jury in resolving the ultimate issue of self-defense.

Appellant also contends that the verdict of guilt was not supported by sufficient evidence. We have examined this contention and find it without merit.

Affirmed.