Pedro **CASBARIAN**, Appellant,

v.

**DISTRICT OF COLUMBIA**, Appellee.

Nos. 1966, 1967.

Municipal Court of Appeals for the District of Columbia.

Argued May 20, 1957.

Decided Aug. 30, 1957.

Sidney A. Cohen, Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant was convicted in a non-jury criminal action for the commission of three offenses: (1) backing an automobile without due caution, (2) driving under the influence of narcotics, and (3) obtaining a driver's permit by misrepresentation. Only the convictions for the latter two offenses are appealed.

The events attending appellant's arrest occurred on September 7, 1956, when police officers were summoned to the scene of an automobile collision and learned the accident happened while appellant was backing his vehicle on a one-way street. Appellant had left his operator's permit with the owner of the other automobile and was discovered in a nearby hotel

"banging" on a door calling, "Let me in. Let me in." He was then escorted to the scene of the accident, placed under arrest without a warrant for backing his automobile without due caution, and because his general demeanor and unsteady gait engendered suspicion of narcotism, he was asked by the arresting officer to roll up his sleeves. The upper portion of his arms revealed numerous needle punctures.

Appellant was then taken to the precinct station where he admitted using heroin the previous day. He was incoherent in speech and somnolent during an interrogation by an expert on the narcotics squad. This officer testified that from the interrogation and examination, he believed the needle punctures were "fresh" and that appellant was under the influence of narcotics. Additional testimony disclosed that on June 11, 1956, prior to the time appellant had denied he used narcotics in his application for a driver's permit, he had admitted using them before this same officer.

Following this and within approximately one hour after his arrest, appellant was sent to the District of Columbia General Hospital and subjected to further examination by a physician who was interning there. This doctor testified as a government witness that the needle punctures were not "fresh, that is within hours, but possibly within days, certainly within two weeks." Neither the government nor the defense limited its interrogation of the doctor to observations based on his examination of appellant, but several questions relating to the general physiological reactions of one under the influence of narcotics were asked. However, on objection interposed by the government and sustained by the trial judge, the witness

was not permitted on cross-examination to give opinion evidence as to whether appellant was under the influence of narcotics at the time of the examination.

Subsequent to this examination, appellant was charged with the two offenses which are the subject of this appeal. Our discussion is directed to two of the errors assigned which are dispositive of the case.

■ Appellant first contends the search of his person by the arresting officer was illegal and in violation of the Fourth Amendment. It is argued that the search was made pursuant to an arrest without a warrant for a misdemeanor not committed in the presence or within the view of the arresting officer. We need not consider the legality of the arrest and the resulting search of appellant's person because to raise these issues and preserve a defendant's rights under the Fourth Amendment, there must have been a seasonable objection in the form of a motion to suppress the evidence.[1] In the absence of such a motion, a defendant is deemed to have waived a known remedy available to him. The record before us does not disclose that a motion to suppress was made either *before or during the trial;* neither was objection raised at any time to the admissibility of testimony relating to the details of the arrest and search.

■ Appellant assigns as a second error the trial court's refusal, on the government's objection, to admit the doctor's opinion testimony as to whether appellant was under the influence of narcotics at the time of the medical examination, which occurred approximately one hour after the arrest. The government contends that the answer to this question goes to the ultimate issue in the case and that because

1. Segurola v. United States, 275 U.S. 106, 48 S.Ct. 77, 72 L.Ed. 186; White v. United States, 98 U.S.App.D.C. 274, 235 F.2d 221; Smith v. United States, 72 App.D.C. 187, 112 F.2d 217, certiorari denied 311 U.S. 663, 61 S.Ct. 20, 85 L. Ed. 425; Bennett v. United States, 70 App.D.C. 76, 104 F.2d 209; Sandez v. United States, 9 Cir., 239 F.2d 239; Blok v. United States, D.C.Mun.App., 70 A.2d 55, affirmed 88 U.S.App.D.C. 326, 188 F.2d 1019; Harris v. United States, D.C.Mun.App., 32 A.2d 101.

the doctor, an intern of several months, had examined only two persons suffering from drug addiction previously, he was not an expert in narcotics.

The doctor was called as a government witness and a stipulation had been made by the defense as to his qualifications. Both under direct and cross-examination, he testified at great length without restraint from counsel or the trial judge as to his observations, as well as to questions propounded of a general medical nature relating to the effects and reactions of drug addiction. The mere fact that his experience in examining drug users was limited does not exclude a specialized knowledge of narcotics derived from his previous education in the science of medicine. Our Court of Appeals has held that although a physician is not a specialist in a particular field, he is not incompetent to testify as an expert. Sher v. De Haven, 91 U.S. App.D.C. 257, 199 F.2d 777, 36 A.L.R.2d 937, certiorari denied 345 U.S. 936, 73 S.Ct. 797, 97 L.Ed. 1363. Certainly, as a medical expert, the witness should have been permitted to render an opinion based on his medical observations.

Whether appellant was under the influence of narcotics while operating the automobile was an ultimate issue of fact to be decided by the trial judge as the trier of fact. However, the principle governing expert opinion that impinges upon the function of the trier of fact is perhaps best stated in Rogers on Expert Testimony (3d Ed.1941), § 35, p. 49:

"* * * Where the matter under inquiry is properly the subject of ex-

pert testimony the fact that the opinion elicited is on an issue or point to be decided by the jury does not render it inadmissible."[2]

The real test is not that the expert opinion testimony would go to the very issue to be decided by the trier of fact, but whether the special knowledge or experience of the expert would aid the court or jury in determining the questions in issue.[3]

Presumably, appellant was subjected to a medical examination for the very purpose of establishing that he was under the influence of narcotics and the doctor's testimony was offered by the government to prove this. In view of the tenor of the doctor's testimony as to the lack of freshness of needle marks, withdrawal symptoms, and the effective duration of a narcotic injection, it is conceivable that he might have concluded appellant was not under the influence of drugs had an answer under cross-examination been permitted. In that event, the trier of fact would have had the opportunity to weigh the conflicting expert opinions of two government witnesses, as we note from the record that the narcotics squad expert was permitted to answer, under direct examination by the government, the specific question directed to the doctor. However, whether the doctor's opinion would have been beneficial or detrimental to appellant, the testimony undoubtedly would have been of immeasurable assistance to the court in making a determination on the factual issue. We therefore conclude that the court's ruling on the objection constituted prejudicial error to appellant.

Reversed and remanded for a new trial.

2. Svenson v. Mutual Life Ins. Co. of New York, 8 Cir., 87 F.2d 441. See also United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546; Riley v. United States, 96 U.S.App.D.C. 258, 225 F.2d 558; Murray v. United States,

53 App.D.C. 119, 288 F. 1008; Frankfeld v. United States, 4 Cir., 198 F.2d 679; 2 Wigmore, Evidence (3d ed. 1940), § 673.

3. Rogers, supra, § 31.