[No. 38806.    Department Two.    June 1, 1967.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK LOUIS BLAKE, *Appellant.**

*Jack E. Tanner,* for appellant (appointed counsel for appeal).

*John G. McCutcheon* and *Gary Cronk,* for respondent.

BARNETT, J.†—The defendant was tried and convicted on the charge of unlawful possession of narcotics.

The factual background on this case stems from a burglary of the Gig Harbor Pharmacy. On November 8, 1965, the defendant was arrested in the house of one Michael O'Leary upon an arrest warrant charging him with bur-

*Reported in 428 P.2d 555.

───────────

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

glarizing the pharmacy. In searching the room defendant was occupying, the arresting officers found narcotics, *i.e.*, opium; however, they found no evidence of the defendant's alleged participation in the burglary of the pharmacy.

An information was filed in superior court November 23, 1965, charging the defendant with unlawful possession of narcotics and he was tried on this charge on January 26, 1966.

The complaint charging the defendant with burglary and the arrest warrant were not filed in superior court as part of the record in this case. On the day of defendant's trial on the narcotics charge and after the jury had been selected, the counsel for the defendant, in order to challenge the validity of the warrant for arrest on the burglary charge, asked the trial court to allow the defendant to test the probable cause for the issuance of that warrant by having the complaint and necessary testimony produced.

This request to the trial court was based upon the theory that if the arrest warrant is invalid then the narcotics involved in this action would not be admissible into evidence. Defendant's counsel stated to the trial court "they don't have the warrant or affidavit—that should show they did have reason for the affidavit in support of the warrant. . . . We haven't seen a copy of the affidavit, and the warrant—the way I understand it was for the crime of burglary. Now, there should be something in that affidavit that gives someone some magistrate—some justice of the peace or judge, some reason to believe that this particular defendant had something to do with the commission of a burglary. . . . We are asking the State to substantiate the affidavit that charged burglary, . . . . I think we should see the affidavit that supports the issuance of the warrant. . . . I want to see the testimony, on which this conclusions [*sic*] of probable cause issued the warrant. . . . I think the affidavit must support that warrant."

The request was denied by the trial court.

An officer testified he notified the defendant that he had a warrant for the defendant's arrest on the charge of burglary and that he, the defendant, was under arrest. Defend-

ant's counsel admitted in open court at the time of the oral hearing on this appeal that a complaint signed by a Pierce County deputy prosecutor charging the defendant with burglary was filed in the justice court of district one, Tacoma, Pierce County. No affidavits were offered in support of the motion by defendant; it was predicated merely upon the colloquy between the defense counsel, judge and prosecuting attorney.

The defendant's brief on appeal states his contentions as follows: "The Trial Court should have upon the request of the appellant ordered the State of Washington to produce the complaint or affidavit upon which the warrant for arrest was based." And, "The Trial Court should have determined the validity of the warrant only after examining the complaint to support the warrant."

In challenging the validity of the warrant charging the defendant with burglary, the defendant, through his counsel, requested the affidavit in support of the complaint and any other evidence that was before the justice court when it issued the arrest warrant be produced to the superior court for a determination of probable cause. In advancing this request the defendant has overlooked the Rules for Courts of Limited Jurisdiction (J Crim. R) which specifically provide that an arrest warrant may be issued by courts of limited jurisdiction when a complaint charging an offense has been signed by a prosecuting attorney; hence there is no evidence to be produced, and the trial court properly concluded that defendant's request should be denied. We quote from the applicable rules:

Rule 2.01 The Complaint. All criminal proceedings, except traffic and public intoxication cases, shall be initiated by a complaint as described below. The complaint is a statement of the essential facts constituting the offense charged. It shall be in writing and shall set forth:

(a) the name of the court;

(b) the title of the action and the name of the offense charged;

(c) the name of the party charged; and

(d) the offense charged, in the language of the statute, with such particulars as will enable the defendant to un-

derstand the character of the offense charged, with such particulars as to time, place, person and property as will enable the defendant to understand the character of the offense charged.

Unless a complaint is prepared and signed under oath by a prosecuting attorney or other officer authorized so to do, an oral complaint shall be made before a judge empowered to commit persons charged with offenses against the state, who shall examine on oath the complainant and any witnesses the judge may require, take their statements, and cause the statements and the complaint to be subscribed under oath by the persons making them.

Rule 2.02 Warrant or Summons Upon Complaint.

(a) *Issuance.*

(1) *Warrant.* When a complaint is filed by a prosecuting attorney, a warrant for the arrest of the defendant shall issue.

Parenthetically, we note that a deputy prosecutor is a "prosecuting attorney" within the scope of J Crim. R 2.01 and 2.02. RCW 36.27.040.

■ The court's decision in denying the request may be based on another ground. Manifestly, the defendant was seeking to establish reasons for suppressing the evidence the alleged crime, *i.e.,* the opium. We have stated that "exclusion of improperly obtained evidence is a privilege." *State v. Smith,* 50 Wn.2d 408, 411, 314 P.2d 1024 (1957), and it must be asserted in a timely fashion. In our opinion in *State v. Baxter,* 68 Wn.2d 417, 422, 413 P.2d 638 (1966), we stated said rules directly applicable to the present circumstances:

We adhere to the rule that, when a defendant wishes to suppress certain evidence, he must, within a reasonable time before the case is called for trial, move for such suppression, and thus give the trial court an opportunity to rule on the disputed question of fact. *State v. Robbins,* 37 Wn.2d 431, 224 P.2d 345 (1950). There is a reason for this rule, and that is to allow the trial, once begun, to proceed in an orderly fashion to its conclusion, without the necessity of stopping it to try collateral issues. On the other hand, where it appears during the trial that the evidence was illegally obtained, there being no substantial question of fact on this issue, it is the *duty* of the court,

*upon objection,* to refuse to admit it. *State v. Robbins, supra.* The same case recognizes the following exception, at 432:

Where, during the trial of the case, the defendant *objects to the reception* of the articles in evidence, on the ground that they were unlawfully seized, and offers to prove such unlawful seizure, and also offers to prove that, by the exercise of reasonable diligence, he could not before have learned that the articles were unlawfully seized, the court should stop in the trial of the case and determine the collateral issue concerning the legality of the seizure. (Italics ours.)

In the present case there was no showing by the defendant or offer of proof that he could not have learned all the facts concerning the issuance of the arrest warrant before the day of trial. Obviously, the defendant's counsel could himself have gone to the justice court and perused the complaint which he asked the superior court to produce after the trial commenced. In *Smith v. United States,* 112 F.2d 217, 218 (D.C. Cir. 1940), which involved a motion to suppress an arrest warrant, it was stated:

Appellant Smith first insists that the warrant of arrest was improperly issued and that the lottery papers obtained from his person and automobile should, therefore, have been excluded as evidence illegally obtained. The objection was not made until the trial was well under way, and we have recently held that, unless there is no opportunity to make the motion in advance of trial, the objection comes too late after the trial is in progress. Bennett v. United States, 70 App. D.C. 76, 104 F.2d 209. Here there is no showing that appellant lacked this opportunity.

There are no grounds for reversal of defendant's conviction in this record. Defendant was fairly tried.

The judgment is affirmed.

FINLEY, C. J., DONWORTH and HAMILTON, JJ., concur.