**UNITED STATES of America, Plaintiff,**

v.

**Patricia Campbell HEARST, Defendant.**

**Cr. No. 74–364–OJC.**

United States District Court, N. D. California.

Feb. 26, 1976.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, David P. Bancroft, Edward P. Davis, Jr., Asst. U. S. Attys., San Francisco, Cal., for the United States.

F. Lee Bailey, J. Albert Johnson, Boston, Mass., Thomas J. May, Brookline, Mass., for defense.

#### MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTIONS TO BAR DEFENDANT'S PROFFERED PSYCHIATRIC TESTIMONY AND MOTION TO STRIKE EXPERT TESTIMONY

OLIVER J. CARTER, Chief Judge.

The Government has filed extensive points and authorities in support of its motion to bar the introduction of testimony by expert witnesses on the defendant's mental state at the time of the bank robbery for which she is now on trial. While the Court has no quarrel with the basic tenet of the decisions cited, it does not find them applicable to the case at hand.

In large part, the Government's argument is that since in this Circuit the crime of bank robbery, as defined in the applicable federal statute, 18 U.S.C. § 2113(a), has been held not to require proof of a specific, but only a general, intent, *United States v. Hartfield,* 513 F.2d 254, 259 (9th Cir. 1975); *United States v. Porter,* 431 F.2d 7 (9th Cir.), *cert. denied,* 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269 (1970), expert testimony offered to show that the defendant acted with a reduced mental capacity is irrelevant to any triable issue and therefore inadmissible. Without disputing the soundness of the premise on which this argument rests, the Court will simply point out that in this case the expert testimony is not being offered to prove diminished capacity sufficient to negate specific intent.

As the Court understands the purpose of psychiatric expert testimony offered here by the defense, it is to explain the effects kidnapping, prolonged incarceration, and psychological and physical abuse may have had on the defendant's mental state at the time of the robbery, insofar as such mental state is relevant to the asserted defense of coercion or duress. The jury, of course, are free to accept or reject the defendant's own account of her experiences with her captors. If they choose, however, to believe her testimony, then they may be served

by the testimony of the experts called by both sides in determining whether or not the defendant was coerced into committing the offenses charged in the indictment.

It is a settled principle of law that "[t]he trial judge has broad discretion in the matter of the admission or exclusion of expert evidence, and his action is to be sustained unless manifestly erroneous." *Salem v. United States Lines Co.,* 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313, 317 (1962). The standard to be applied in the exercise of this discretion is clearly stated in *United States v. Brown,* 501 F.2d 146, 149 (9th Cir. 1974), *rev'd on other grounds, sub nom., United States v. Nobles,* 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975):

> If the Court in its discretion, which may not be disturbed absent clear abuse, is convinced that the expert may materially assist the jury beyond their common experience as amplified by argument of counsel, the expert should be allowed to testify.

Moreover, the federal courts have announced in numerous decisions that even where an expert's opinion touches the ultimate issue which the jury must decide, "it is admissible so long as it relates to matters within the witness' special competence and skill and not to matters of common knowledge and observation." *Riley v. United States,* 96 U.S.App.D.C. 258, 225 F.2d 558, 559 (1955); *accord, White v. United States,* 399 F.2d 813, 820 (8th Cir. 1968); *Unitec Corp. v. Beatty Safway Scaffold Co. of Oregon,* 358 F.2d 470, 477–78 (9th Cir. 1966); *Rhynard v. Filori,* 315 F.2d 176, 178 (8th Cir. 1963); *Cohen v. Western Hotels, Inc.,* 276 F.2d 26 (9th Cir. 1960).

The ultimate issue in this case is, of course, the defendant's intent at the time of the offense. While the Court is mindful that the Ninth Circuit has generally upheld trial court decisions rejecting psychiatric testimony offered to prove a defendant's mental state where insanity has not been interposed as a defense, *see, e. g. United States v. Haseltine,* 419 F.2d 579, 581 (9th Cir.

1969), it is equally aware of its discretionary authority to allow such testimony where it can be of assistance to the jury in understanding a matter of importance that is beyond the pale of common experience. The Court is of the opinion that the peculiar question to which the experts here will address themselves— whether the defendant's initial status as a kidnap victim and the subsequent treatment of her by her captors could have deprived her of the requisite general intent to commit the offense charged—is not only relevant to the asserted defense of coercion but also beyond the common experience of most jurors and within the special competence of the experts. The jury need not concur with the expert opinions expressed on this matter, but this Court will not deprive them of the opportunity to consider the testimony that will be offered and make whatever use of it they deem advisable.

Accordingly, IT IS ORDERED that plaintiff's motion to bar admission of expert psychiatric testimony on the issue of coercion and general intent be, and the same is hereby, denied.

IT IS FURTHER ORDERED that plaintiff's motion to strike the testimony of Dr. Louis J. West be, and the same is hereby denied.