GEORGE LEWIS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. JURY — *in charge of an unsworn officer.* The 189th section of the Criminal Code requires, that the officer having charge of a jury, when they retire to consider of their verdict, shall be sworn to attend them to some private place, and to the best of his ability to keep them together without meat or drink, water excepted, unless by leave of the court, until they shall have agreed upon their verdict, nor suffer other persons to speak with them, and when they agree, to bring them into court. *Held,* that it is error, in a case of felony, to omit to so swear the officer into whose charge the jury are placed.

2. OFFICER—*contempt of court.* The 190th section declares, that, if any such officer shall knowingly violate his oath, he shall be punished for a contempt of court by fine or imprisonment. These provisions were adopted to secure a fair and impartial trial to the accused, as he not unfrequently is in prison at the time, and is unable to guard his rights. It is the duty of courts to strictly guard human life and liberty from being sacrificed by public prejudice or excitement. Outside influences should be kept from the jury trying such causes. These provisions of the statute are clear, explicit and peremptory,. and cannot be omitted, and when refused it is error.

WRIT OF ERROR to the Circuit Court of Clay county; the Hon. AARON SHAW, Judge, presiding.

At the October Term, 1865, of the Clay Circuit Court, the grand jury presented an indictment against George Lewis and others, for stealing one mare of the value of $150, and one colt of the value of $50. A capias was issued, and defendant was arrested.

The cause was tried at the May Term, 1867. After hearing the evidence, the jury returned a verdict of guilty, and found the property stolen to be of the value of $200, and fixed the term of defendant's confinement at four years in the penitentiary.

Defendant entered a motion for a new trial, for the reason, among others, that the officer taking charge of the jury was not sworn as required by the statute. This ground was supported by affidavit of its truth.

The court overruled the motion and rendered judgment on the verdict, and sentenced defendant to be confined in the penitentiary for the term found in the verdict, to reverse which defendant prosecutes this writ of error, and relies upon the overruling of his motion for a new trial for a reversal.

Mr. SILAS L. BRYAN, for the plaintiff in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In this case plaintiff was indicted for stealing a mare and colt. A trial was subsequently had in the Circuit Court, resulting in a verdict of "guilty," and that he be confined in

the penitentiary for the term of four years. A motion was entered for a new trial, upon the ground, among others, that the jury, when trying the case, after hearing the evidence, retired to consider of their verdict, in charge of an officer who was not sworn in the mode prescribed by the statute. The motion was overruled and a judgment rendered on the verdict. The record discloses the fact, that the officer in whose charge the jury were placed while deliberating on their verdict was not sworn, and this is the only error relied upon for a reversal.

The 189th section of the Criminal Code, R. S. 186, declares, that, " When the jury shall retire to consider of their verdict, in any criminal case, a constable or other officer shall be sworn or affirmed to attend the jury to some private and convenient place, and, to the best of his ability, keep them together without meat or drink (water excepted), unless by leave of the court, until they shall have agreed upon their verdict, nor suffer others to speak to them, and that when they shall have agreed upon their verdict he will return them into court."

But it declares, that, in any cases of misdemeanor only, if the prosecutor for the people and the accused shall by himself or counsel agree, which agreement shall be entered upon the minutes of the court, they may dispense with the attendance of an officer upon the jury.

The next section declares, that, if any officer sworn to attend upon a jury shall knowingly violate his oath or affirmation, or shall so negligently perform his duties that the jury shall separate without leave of the court, or obtain food or drink (except water), or if any person not belonging to the jury shall hold conversation with any of the jury, every person and officer so offending shall be punished for a contempt of court by fine or imprisonment, or both, in the discretion of the court.

These provisions show the great care and solicitude of the general assembly to secure to every person a fair and impartial trial; and it is eminently proper, as in many cases the accused is imprisoned, and it is not in his power to protect his rights from being prejudiced by undue influences. It should ever be the care of courts of justice to guard human life and

liberty against being sacrificed by public prejudice or excitement.

The jury should be entirely free from all outside influences from the time they are impaneled until they return their verdict, and it is accepted and they discharged; and the legislature have determined that the provisions of this statute are necessary to accomplish the object. It is a provision easily complied with, and one member of the court, at least, has never in practice seen it dispensed with, except in cases of misdemeanor. The provisions of the statute are clear, explicit and peremptory. We know of no power short of its repeal, to dispense with this requirement. In the case of *McIntyre* v. *The People*, 38 Ill. 514, it was held to be error in a case of felony to omit to swear the officer having charge of the jury.

For this error the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*