68    401
d78    81

## Johnson *v.* State.

### Opinion delivered November 3, 1900.

Criminal Law—Separation of Jury—Failure to Admonish.—Failure of the court in the trial of a felony to admonish the jury, as required by Sand. & H. Dig., § 2237, before permitting them to separate, is reversible error where it is not affirmatively shown that the jurors were exposed to no improper influences. (Page 402.)

Appeal from Lonoke Circuit Court.

George M. Chapline, Judge.

*Ratcliffe & Fletcher*, for appellant.

The court erred in denying a continuance and in excluding the evidence of Russell. 21 Ark. 460. The court admitted incompetent evidence, and its mere direction to the jury that they should not consider it did not cure the error. 60 Ark. 89. It was error to allow the jury to disperse during the trial without the admonition required by Sand. & H. Dig., § 2237. 44 Ark. 115; 57 Ark. 1; 1 Bish. Cr. Proc. §§ 991–2–3; 44 Ill. 452; 9 Sm. & M. 465.

*Jeff Davis*, *Attorney General*, and *Chas. Jacobson*, for appellee.

The defendant was not prejudiced by the failure of the court to admonish the jury.

HUGHES, J. This is an appeal from a conviction of larceny, and one of the grounds of the motion below for a new trial is that, after the trial had been commenced and part of the testimony had been taken, the jury in the case were allowed to disperse and separate as they chose, without being admonished by the court as required by section 2237 of Sandels & Hill's Digest, which is as follows: "The jury, whether permitted to separate or kept in charge of officers, must be admonished by the court that it is their duty not to permit any one to speak to or communicate with them on any subject connected with the trial, and that all attempts to do so should be immediately reported by them to the court, and that they should not converse among themselves on any subject connected with the trial, or form or express an opinion thereon, until the cause is finally submitted to them. This admonition must be given or referred to by the court at each adjournment."

In section 2236 *id.*, it is provided that "the jurors, before the case is submitted to them may, in the discretion of the court, be permitted to separate, or be kept together in charge of proper officers."

It is held in *Johnson* v. *State*, 32 Ark. 309, that it is within the sound discretion of the court to permit the jury to separate either before or after the cause is submitted to them, but such discretion should be exercised, especially in trials for

felony, with the utmost caution. "The officers must be sworn to keep the jury together during the adjournment of the court, and to suffer no person to speak to or communicate with them on any subject connected with the trial, nor do so themselves." Latter clause of § 2236, Sandels & Hill's Digest. In reference to this clause of this section it is held in *Atterberry* v. *State*, 56 Ark. 515, that it is too late to object after verdict that the officer in charge of the jury was not sworn as directed by this section, where the defendant was present when the jury retired, and did not request that the oath be administered, nor object.

"It seems that if a jury in a criminal case, or any portion of it, have been exposed to undue influence, either by the whole jury being under charge of an unsworn officer, or any portion of the jury have separated from the others and had intercourse, or opportunity of intercourse, with third persons, and it does not affirmatively appear that no consequences were effected upon the jury by such exposure, and the possibility of undue influence be not wholly negatived, the verdict of such jury will be set aside. It seems, however, it would be otherwise, if the record showed that no undue influence had been exerted or attempted. *McCann* v. *State*, 9 S. & M. 465; *Lewis* v. *People*, 44 Ill. 452.

In reference to this question see *Maclin* v. *State*, 44 Ark. 115; *Vaughan* v. *State*, 57 Ark. 1. In *Maclin* v. *State*, it is held that "the separation of a juror from his fellows pending the trial casts upon the state the burden of proving that no improper influence was brought to bear upon the juror during his absence. In other words, the mere fact that a juror separates from his fellows without the order of the court is *prima facie* ground for a new trial, unless it affirmatively appears that the separating juror was not subject to any noxious [undue] influence [while absent]."

In this case the jury separated without an order of the court allowing their separation, and without being admonished by the court, as required by section 2237 of Sandels & Hill's Digest, above quoted. The judge was not requested to admonish the jury, nor was there any exception at the time to his failure to do so. They were not placed in the custody of

an officer, but went where they pleased, as the record expressly shows.

Section 235 of the General Statute of Kansas, 857, 858, reads as follows: "When jurors are allowed to separate after being impaneled, and at each adjournment, they *must* be admonished by the court that it is their duty not to converse among themselves, nor suffer others to converse with them on any subject connected with the trial, or to form or express any opinion thereon, until the cause is finally submitted to them." In the case of the *State* v. *Mulkins*, 18 Kas. 16, it is held prejudicial error to fail to admonish a jury, as required by this statute. In discussing the question, the court said: "The statute says that the court 'must' admonish the jury; and therefore no construction should be put upon the statute that would allow it to be wholly disregarded, or even to be lightly considered. By failing to admonish the jury, as required by the statute, the door is opened wide for intervening prejudice to enter during the irregular separation of the jury. By such a failure one of the safeguards to an impartial trial is broken down, one of the securities to an impartial verdict is overthrown, one of the evidences that impartial justice is done is obliterated; and all this without any fault on the part of the defendant. Therefore, where there has been a separation of the jury during an adjournment of the trial, without such admonition, and the defendant afterwards moves for a new trial on the ground of such separation, want of admonition, and intervening prejudice, we think it ought to be presumed, in the absence of everything to the contrary, that prejudice, injurious to the defendant's rights, did intervene during such separation, and did result from the want of such admonition; and therefore we think that in such a case a new trial ought to be granted, and a refusal to grant the same would be substantial error. * * * Of course, the failure of the court to admonish the jury was a mere oversight, which the court would have corrected at the time if either party had at the time called its attention to the same. But as the statute makes it the imperative duty of the court, without any suggestion, to give such admonition to the jury, we do not think that the defendant waived any

rights by failing to call attention of the court to the matter at the time of such-failure. If the defendant had failed to move for a new trial because of said failure, then perhaps we might presume that the defendant had waived. the error, or at least we might presume that the error did not work any substantial prejudice to his rights," etc.

For the error in failing to admonish the jury in the case at bar, as required by the statute, the judgment herein is reversed, and the cause is remanded for a new trial.