LANCASTER v. STATE.

4854                    294 S. W. 2d 348

Opinion delivered October 22, 1956.

*Gordon H. Sullivan,* for appellant.

*Tom Gentry,* Attorney General and *Paul C. Rawlings,* Asst. Atty. General, for appellee.

PAUL WARD, Associate Justice. Appellant, Clayton Vernon Lancaster, was charged with first degree murder, and after a two-day trial the jury returned a verdict of guilty of voluntary manslaughter and fixed the punishment at five years imprisonment in the penitentiary. He was sentenced by the court in accordance with the verdict of the jury.

Appellant prosecutes this appeal on the ground that the trial court failed to admonish the jury [as required by Ark. Stats. § 43-2122] "Not to permit anyone to speak or communicate with them on any subject connected with the trial . . ." before the court announced a recess. The record on which this appeal is based contains no testimony that was taken at the trial, but contains the Motion For New Trial and the objections and exceptions made by appellant's attorney.

The record discloses that appellant objected on three different occasions that the trial court had allowed the jury to recess on three different occasions without instructing the jury in accordance with the statute above mentioned. We will concern ourselves only with the facts and circumstances surrounding the first recess since it presents the strongest case in favor of appellant's contention.

Eleven jurors were in the jury box when the available jury panel was exhausted, and thereupon additional jurors were summoned to appear in court. For this reason the court took a recess. Immediately after the trial was resumed the following proceedings occurred:

"Mr. Robinson: Let the record show that upon the panel being exhausted, a recess was called by the Court to allow the summonsing of additional jurors and that at the time eleven persons had been accepted by both the

State and the defendant; that these eleven jurors were allowed to separate and were not admonished by the Court not to discuss the matter among themselves or allow anyone to discuss the case with them, as required by statute. I think it is necessary to call it to the Court's attention and I object to this at this time and ask that a mistrial be declared.

The Court: Overruled.

The defendant objected to the above ruling of the Court and at the time asked that his exceptions be noted of record, which was accordingly done.

Mr. Holt: Let the record show that this was a recess of approximately thirty minutes and not an adjournment.''

The same contention was made in appellant's motion for a new trial, but no testimony was taken on the motion.

In asking this court to reverse the trial court, appellant relies on Ark. Stats. § 43-2122 and on *Johnson* v. *State,* 68 Ark. 401, 59 S. W. 34, taking the position that the statute is mandatory, and that when the jury was allowed to separate it placed the burden on the State to show, by testimony, no juror was subjected to the opportunity for influence to be exerted on him. We agree with appellant in the above contention provided it is confined to a situation where the jury is allowed to separate after an ''adjournment'' as specified in the last line of the statute, above mentioned, which reads:

''The jury, whether permitted to separate or kept in charge of officers, must be admonished by the court that it is their duty not to permit anyone to speak to or communicate with them on any subject connected with the trial, and that all attempts to do so should be immediately reported by them to the court, and that they should not converse among themselves on any subject connected with the trial, or form or express any opinion thereon until the cause is finally submitted to them. This ad-

monition must be given or referred to by the court at each adjournment.''

On the other hand it is the contention of the State that, in the case of a ''recess,'' the burden is on the appellant [in this case] to show, by testimony, such an opportunity for influence was presented, and that [as conceded] no such testimony was offered by appellant.

After careful consideration we have concluded that the State's position is sound and reasonable, and that it is supported by precedent.

In the case of an ''adjournment,'' as the statute specifies, where the jurors are allowed to go to their respective homes or places of business for extended periods, it is presumed [without further proof] that ample opportunity is afforded for the exercise of influence on them. Thus, it is logical and reasonable that the State [in this case] should bear the burden of overcoming such presumption. But, in the case of a ''recess,'' the situation is different, and the presumption is and should be just the reverse. It is common practice, especially in lengthy trials, for the court to recess for short periods. In this event the jurors are not expected to go to their homes or places of business, but they are expected to remain in the vicinity of the court and under the scrutiny of the court and its officers, and, if there is any departure from this expectancy, the burden should be on the complaining party to show it by testimony.

The decisions of this and other courts have sustained the view we have expressed above. In *Ince* v. *State*, 77 Ark. 418, 88 S. W. 818, we said:

''One of the jurors is shown to have left the jury box during the progress of selecting the jury (after he had been accepted as a juror) and occupied for a short while a seat among the audience. This was before the completion of the jury and presentation of the case, and it is not shown that this juror was subjected to any improper influence.''

We find the same view expressed in *Carlton* v. *State*, 109 Ark. 516, 161 S. W. 145, in these words:

"The separation of the juror from his fellows while the trial was temporarily suspended during the thunder storm is not shown to have been prejudicial to the rights of the appellant .. . . No testimony was offered to show that the juror, while absent from his fellows, was guilty of any conduct prejudicial to appellant."

In *People* v. *Witt,* 170 Cal. 104, 148 P. 928, the court said:

"The only possible error here was the failure of the court to admonish the jurors when one was allowed to retire for a moment, in the manner prescribed for each adjournment by section 1122, Penal Code, as to not talking about the case or allowing any one else to talk to them about it, etc. Under the circumstances, no one probably thought of the necessity of such an admonition for this brief retirement of one of the jurors into another room. If error was committed here, it must be said of it, as was said in *People* v. *Coyne, supra,* of the failure of the court to admonish the jury upon an adjournment, that the error is technical, and not of the importance to demand a reversal of the judgment and a new trial."

We fully recognize it is important that courts adhere to the provisions of Ark. Stats. § 43-2122. We also realize that appellant's contention here [if it had been substantiated by testimony] presents a border line case, and we do not recommend the action of the court in this instance as standard procedure in the future. The important thing is that the jury should not be subjected to outside influence. It is not important whether the influence is exerted during an "adjournment" or a "recess." The only distinctive difference between the two is a matter of procedure as above indicated.

Affirmed.

Justice ROBINSON not participating.