**R. C. WINDISCH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18821.**

United States Court of Appeals
Fifth Circuit.

Nov. 3, 1961.

Bernard R. Fleisher, New York City, E. David Rosen, Miami, Fla., for appellant.

Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Edward F. Boardman, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

The appellant, R. C. Windisch, a building contractor of Jacksonville, Florida,

was convicted in a two-count indictment of wilfully and knowingly attempting to evade his income tax by filing false and fraudulent joint returns for his wife and himself. The first count charged the defendant with stating his 1955 taxable income as $5,801.56 when he knew that it was $12,226.94, understating the tax due by $1,591.76. The second count charged him with stating his 1956 taxable income as $403.26 when he knew that it was $7,221.46, understating the tax due by $1,428.07. There is no dispute as to the amounts.

The defense was lack of wilful intent. Windisch contends that he relied on an experienced certified public accountant to prepare his returns; at the end of each year he furnished his accountant cancelled checks and bank statements and on the basis of these, along with conferences, the accountant prepared the returns; any understatement of income was the accountant's error. The accountant was unable to identify certain deposits (over $6000 for 1955 and over $8000 for 1956) and, without his knowledge, so Windisch says, treated the unidentified deposits as additional capital, crediting the amounts to the defendant's drawing account. As a consequence, the deposits were not reflected in the defendant's sales, income, or in the income tax returns.

### I.

 The appellant's principal ground for reversal is that the trial court erred in denying his motion for a judgment of acquittal. The appellant contends that the facts of the case bring it within the principle that an income tax evasion cannot be established simply by showing that the taxpayer failed to include items of income in his return. Spies v. United States, 1943, 317 U.S. 492, 63 S. Ct. 364, 87 L.Ed. 418; United States v. Ragen, 1942, 314 U.S. 513, 62 S.Ct. 374, 86 L.Ed. 383; United States v. Pechenik, 3 Cir., 1956, 236 F.2d 844; and Eagle

v. C. I. R., 5 Cir., 1957, 242 F.2d 635. The principle is correctly stated, but these cases are distinguishable from the instant case. Unlike Pechenik, for example, Windisch omitted specific items of income earned, the accountant was not engaged to make an audit, and the accountant relied upon Windisch to supply the necessary tax information as to income as well as to expenditures. The appellant can point, as defendants have done in many similar cases, to the lack of certain badges of fraud. That is not enough. The question of wilfulness is for the jury. Considering the record as a whole, the evidence, which was direct as well as circumstantial, supports the verdict and the judgment of the district court.

### II.

 The appellant assigns four specifications of error relating to the charge.

A. He objects to the instruction: "The law presumes that every man's intent legitimately consists of his own action. A man is charged with the knowledge of that which naturally and normally, from all the evidence, flows or results from his action normally done or performed." Lifted out of context, the charge is confusing, if not erroneous; a jury might be misled into believing that Windisch's omission of certain items of income raised a presumption that he intended to evade his income tax. When a specific intent to commit a fraud is a necessary element of the offense, proof of such intent may not be eliminated by the loose generalization that a man is presumed to intend the natural consequences of his acts. Wardlaw v. United States, 5 Cir., 1953, 203 F.2d 884, Berkovitz v. United States, 5 Cir., 1954, 213 F.2d 468. We do not approve the charge standing by itself or only vaguely qualified. Here, however, the trial judge took the curse off the charge by spelling out in great detail the necessity for proof of the requisite specific intent.[1] Bernstein v. United States, 5 Cir., 1946, 234 F.2d

1. The trial judge instructed the jury:
"The attempt to evade and defeat the tax law must be a wilful one; that is to

say, it must be made with the intent to keep from the Government a tax imposed by the Income Tax laws, which it

475; Imholte v. United States, 1941, 226 F.2d 585; Banks v. United States, 8 Cir., 1955, 223 F.2d 884, 889; Legatos v. United States, 9 Cir., 1955, 222 F.2d 678; Bateman v. United States, 9 Cir., 1954, 212 F.2d 61.

■ B. We see no merit in the criticism of the trial court for instructing the jury concerning the failure of the defendant to testify when the defendant did not request such an instruction. Since a failure to give such an instruction upon request constitutes reversible error, we cannot see why it would be erroneous for the court to give the instruction on its own motion. Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L. Ed. 257; Chadwick v. United States, 5 Cir., 1941, 117 F.2d 902. The charge is favorable to a defendant who does not testify.

■ C. We cannot accept the argument that the trial judge erred in failing to give the defendant's requested instructions. It is beside the point that in Bernstein v. United States, 5 Cir., 1956, 234 F.2d 475, this Court approved each of the instructions offered by the defendant here. If instructions are complete and accurate, the trial judge has no obligation to select language approved by this Court in another case. We find as did the trial judge, that the charge covers the requested instructions.

■ D. Rule 30, F.R.Crim.P. 18 U.S. C.A., provides that the court "shall inform counsel of its proposed action upon the requests prior to their arguments to the jury." The appellant contends that the trial court erred in failing to follow this mandate. The trial judge was somewhat brusque, but we construe the trial judge's statement, "I think I have covered the essential points," as equivalent to informing counsel that he would not give the instructions in the language offered but would give the substance of the requsted instruction.

### III.

■ The final specification of error is that the trial court erred in not granting defendant's motion for a mistrial based on improper insinuations contained in the closing arguments of the United States Attorney. In the course of his argument, counsel remarked on the cost of national defense, the cost of prosecuting tax evasion cases, and the bad example that might be set by allowing one to excuse himself by blaming it all on an ac-

---

was the duty of the defendant to pay to the Goverment.

"The attempt must be wilful and involving bad purpose and an evil motive, and that specific intent must be proved or clearly inferred from the evidence, that is, it must be proved by or clearly inferred by the evidence. The intent involved in this offense is not inherent in the act itself.

\*    \*    \*    \*    \*

"The question of intent is a matter foi you, as jurors to determine; and the only way you have of arriving at the intent of the defendant in this case is for you to take into consideration all of the facts and circumstances shown by the evidence, including the exhibits, and determine from all such facts and circumstances what the intent of the defendant was at the time in question.

"Use your common sense and your many years of everyday experience in weighing the evidence.

\*    \*    \*    \*    \*

"The purpose of adding the 'knowingly,' was to insure that no one would be convicted because of a failure to act due to a mistake or inadvertence or other innocent reason as stated before with respect to the offenses such as are charged in this case.

"Specific intent must be proved before there can be a conviction.

\*    \*    \*    \*    \*

"The word 'false' as used in the statute means that the claim was untrue when made and was known to be untrue by the person making it or causing it to be made.

\*    \*    \*    \*    \*

"You may not return a verdict of guilty merely upon surmise, guesswork, conjecture, or suspicion. If you find that the evidence, with regard to the whole case or with regard to any essential elements is equally consistent with innocence as well as with guilt, then the prosecution has not sustained its burden of proof to convince you beyond a reasonable doubt, and it is then your duty to find the defendant not guilty."

countant's errors. The prejudicial insinuations were not of such a nature as to be ineradicable. The trial judge took pains to eradicate any prejudice to the defendant by carefully instructing the jury to disregard such remarks.[2]

The judgment is

Affirmed.

---

2. The court charged:
  "Now, the arguments of lawyers in this case are entitled to your careful consideration. However, the Court wants to tell you that you do not become involved in any cold war or any hot war remarks of the U. S. Attorney as well as any sympathetic remarks that may have been made by the attorney for the defendant. They don't concern you at all.

"What concerns you is the evidence introduced here and nothing else. So, the arguments of lawyers in this case are entitled to your careful consideration so far as you find them logical and reasonable. You are to remember, however, that lawyers are advocates of their respective sides and that what they say does not constitute evidence."