Tom Don **FRANANO**, Petitioner,

v.

**UNITED STATES** of America,
Respondent.

No. 15467–1.

United States District Court
W. D. Missouri, W. D.

July 22, 1965.

Tom Don Franano, pro se.

F. Russell Millin, U. S. Atty., Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for respondent.

JOHN W. OLIVER, District Judge.

Petitioner, an inmate of the Federal Penitentiary at Leavenworth, Kansas, has filed a new motion to vacate sentence pursuant to Section 2255, Title 28, United States Code, or in the alternative a petition for a writ of error coram nobis. Leave is sought to file *in forma pauperis*. Leave is granted so to file.

The present attack is on two consecutive four year sentences imposed after conviction by a jury in Case #20107 for conspiracy to violate and violation of Section 2312, Title 18, United States Code. This conviction was affirmed by the Eighth Circuit Court of Appeals, Franano v. United States, (8th Cir. 1960) 277 F.2d 511, cert. den. 364 U.S. 828, 81 S.Ct. 68, 5 L.Ed.2d 57, rehearing denied 364 U.S. 906, 81 S.Ct. 231, 5 L.Ed.2d 199. That sentence was the subject of a prior Section 2255 motion which was denied by the late Judge Smith on December 4, 1961 (unreported). That denial was affirmed by the Eighth Circuit in Franano v. United States, (8th Cir. 1962) 303 F.2d 470, cert. den. 371 U.S. 865, 83 S.Ct. 125, 9 L.Ed.2d 102.

This second motion for post-conviction review raises but one basic issue. The facts are not controverted. Petitioner did not testify at his trial. Without his request, and over his objection, the trial court gave the following instruction:

> Now, under the law a defendant in a criminal case cannot be required to take the witness stand and testify in that case. A defendant in a criminal case under our Constitution may or may not testify as he sees fit. That is a full, legal right, and the fact that a defendant does not take the witness stand and testify in his case raises no presumption of any kind against him. Therefore, as jurors, you are not entitled to draw any adverse conclusion whatever against the defendant, or the three defendants here, or anyone of them, and you should not do so, because they have exercised their constitutional privilege accorded to them of standing upon the case made against them by the Government without being sworn or testifying as witnesses in the case. (Vol. II of Transcript at 424–425).

Petitioner alleges that this instruction violated petitioner's statutory, Section 3481, Title 18, United States Code, and Fifth Amendment rights. This question, although raised in the trial court, was not raised on his direct appeal from his conviction.[1]

■ The present motion will be treated as a second Section 2255 motion. Computation of the petitioner's sentence shows that he is still serving the second of two four-year consecutive sentences imposed in Case #20107 and has not yet started to serve a four year, 330 day sentence imposed in Case #20696 that is to run consecutively to the sentence imposed in Case #20107.[2] Accordingly, petitioner's remedy is by a Section 2255 motion rather than by application for a writ of error coram nobis. See Burns v. United States, (W.D.Mo.1962) 210 F.Supp. 528 at 530, affirmed (8th Cir. 1963) 321 F.2d 893, cert. den. 375 U.S. 959, 84 S.Ct. 448, 11 L.Ed.2d 317 (1963); and United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

■ Claimed errors in instructions should properly be raised on appeal, Banks v. United States (7th Cir. 1961) 287 F.2d 374; United States v. Stevens, (3rd Cir. 1958) 260 F.2d 549; Banks v. United States, (9th Cir. 1958), 258 F.2d 318, cert. den. 358 U.S. 886, 79 S.Ct. 128, 3 L.Ed.2d 114; not by a motion under Section 2255.

Our controlling court stated the rule that a Section 2255 motion cannot be used as a substitute for an appeal in

---

1. Petitioner's retained trial counsel objected to the giving of the instruction, but his count-appointed counsel on appeal did not raise this point. Petitioner states this was due to the latter's "oversight, neglect, or insufficient knowledge of criminal law." Petitioner's Suggestions In Support of Motion to Vacate Judgment, Conviction and Sentence, In Criminal Case No. 20107, at page 17. It nevertheless appears that the Court of Appeals examined all instructions on appeal. At page 516 of the Court of Appeals' opinion (277 F.2d) is found the following:

   *We have carefully examined the instructions as a whole.* They very plainly advise the jury that knowledge that the vehicle transported was in fact stolen was essential to warrant conviction. The instructions meticulously advise the jury as to all the ingredients of the offenses charged and of the necessity of making proof of every element constituting the offense. (Emphasis ours.)

2. Section 4161, Title 18, United States Code, requires consecutive sentences to be aggregated for purposes of computation of a prisoner's good time. Under this section Franano would be serving a 12 year, 330 day sentence. See Franano v. United States, (8th Cir. 1962) 310 F.2d 533, 534, note 1, which summarizes the manner in which sentence was imposed on petitioner. However, since the attack is only directed to the sentence imposed in Case #20107, two consecutive four-year sentences, for purpose of this motion the eight year period will be used as the basis of computation.

Franano v. United States, (8th Cir. 1962) 303 F.2d 470 at 472, as follows:

It is no longer open to question that petition under Section 2255, Title 28, U.S.C.A., cannot serve the office of an appeal and "that issues disposed of on a previous appeal will not be reviewed again" via such a petition. Smith v. United States, 265 F.2d 14, 16 (5th Cir. 1959). It is likewise settled law that errors occurring in a criminal proceeding which can be made the subject of review upon direct appeal from a conviction and sentence, cannot be used as a premise for a collateral attack thereon under a Section 2255 petition, (Callanan v. United States, 274 F.2d 601 (8th Cir. 1960)) and this is so as to "errors committed in the course of a trial even though such errors relate to constitutional rights." * * * *If such matters are not raised on direct appeal* (Callanan v. United States, supra; United States v. Walker, 197 F.2d 287 (2nd Cir. 1952)) or if raised and disposed of as represented in such an appeal, *they will not be again reviewed in a Section 2255 proceeding.* [citing cases] (Emphasis supplied).

That case was most recently followed in Warren v. United States, (8th Cir. 1963) 311 F.2d 673 at 676.

■ ■ Petitioner is thus not entitled to complain about the instruction of the trial court in a Section 2255 proceeding. Such error must be raised on appeal; it is beyond the scope of relief available under Section 2255.[3]

But even if the question presented were within the scope of postconviction review, petitioner would not be entitled to any relief because the instruction given by the trial court was not erroneous.

Section 3481, Title 18, United States Code, in addition to removing the common law disability of an accused to testify, provides that his failure to make a request to become a witness shall not create any presumption against him. This statute has been interpreted to prevent comment on the failure of an accused to take the stand by either counsel, Wilson v. United States, 149 U.S. 60, 13 S.Ct. 765, 37 L.Ed. 650 (1893), or by the court, Reagan v. United States, 157 U.S. 301, 15 S.Ct. 610, 39 L.Ed. 709 (1895).

■ Moreover, an accused, if he requests it, is entitled to a cautionary instruction to the jury that his failure to take the stand does not create any presumption or adverse inference against him. Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 (1939). It was that type of instruction that was given in petitioner's case without his requesting it and over his objection.

■ Petitioner, of course, contends that unless a defendant requests such an instruction it is error. Petitioner argues that such an instruction highlights and emphasizes the fact that the accused did not take the stand and therefore was an improper comment which tended to create an adverse presumption against him. The authority is all the other way. Kreuzer v. United States, (8th Cir. 1918) 254 F. 34 at 38, cert. den. 249 U.S. 603, 39 S.Ct. 260, 63 L.Ed. 798; United States v. Garguilo, (2nd Cir. 1962), 310 F.2d 249 at 252; Windisch v. United States (5th Cir. 1961) 295 F.2d 531 at 533; Chadwick v. United States (5th Cir. 1941) 117 F.2d 902 at 904–905; Smith v. United States, (1940) 72 App.D.C. 187, 112 F.2d 217 at 219; Hanish v. United States, (7th Cir. 1915) 227 F. 584 at 587.[4]

We are familiar with what Mr. Justice Douglas recently had to say in regard

---

3. Neither does a petition for a writ of error coram nobis serve the purpose of an appeal. See Lipscomb v. United States, (8th Cir. 1960) 273 F.2d 860, 865.

4. It is also clear that it is not error for a court to refuse on its own motion to charge the jury with reference to the failure of an accused to testify in his own behalf where no request for an in-

to Section 3481 of Title 18, United States Code, in his dissenting opinion in United States v. Gainey, 380 U.S. 63 at 73, 85 S.Ct. 754 at 761, 13 L.Ed.2d 658 (1965). He there stated that:

Just as it is improper for counsel to argue from the defendant's silence, so is it improper for the trial judge to call attention to the fact of defendant's silence. Indeed, under 18 U.S.C. § 3481 the defendant is entitled as a matter of right to have the trial judge expressly tell the jury that it must not attach any importance to the defendant's failure to testify; or, if the defendant sees fit, he may choose to have no mention made of his silence by anyone.

But we do not believe this goes any further than Judge Learned Hand's suggestion in Becher v. United States, (2nd Cir. 1924), 5 F.2d 45 at 49, that "[i]t is no doubt better if a defendant requests no charge upon the subject, for the trial judge to say nothing about it; * * *." But Judge Hand was quick to complete his thought by adding "but to say when he does, it is error, carries the doctrine of self-incrimination to an absurdity." Compare Judge Hicks' similar comment and ruling in Kahn v. United States, (6th Cir. 1927) 20 F.2d 782 at 784; United States v. Maloney, (2nd Cir. 1959) 262 F.2d 535 at 539 (dissenting opinion of Judge Hincks); and Mr. Justice Frankfurter's comment in Bruno v. United States, 308 U.S. 287 at 294, 60 S.Ct. 198, 84 L.Ed. 257 (1939), cited by Mr. Justice Douglas in Gainey.

There are cases that recommend, at least by implication, that trial judges should give the instruction even though not requested by the defendant. Judge Friendly, for example, in United States v. Garguilo (2nd Cir. 1962), 310 F.2d 249 at 252, said that it was his judgment that the effect of giving the instruction, rather than being prejudicial was that

"the chances are rather that [the giving of the unrequested instruction] is helpful" to the defendant. Certainly this is the intimation of the judgment of our controlling court in Kreuzer v. United States, supra, in which it was stated that the unrequested instruction was, "if anything, favorable to the defendant, as it cautioned the jury against any presumption of guilt, which may arise in their minds from the fact that the defendant did not avail himself of the privilege of testifying" (254 F. at 38–39).

In Bruno v. United States, supra, at 293 of 308 U.S., at 200 of 60 S.Ct., Mr. Justice Frankfurter pointed out that "[b]y legislating against the creation of any 'presumption' from a failure to testify, Congress could not have meant to legislate against the psychological operation of the jury's mind." Indeed, at 294 of 308 U.S., at 200 of 60 S.Ct. he suggested further that "despite the vast accumulation of psychological data, we have not yet attained * * * certitude about [how] the human mind" of the jury may or may not react to the instruction that must be given if requested by the defendant.

We think it must also be said that similar certitude is lacking to lay down any general rule of practice as to whether the trial judge in all cases should or should not, on his own motion, give the instruction in the event the defendant does not request it, or in the event he objects to its being given. We think that decision should be made on a case by case basis rather than in accordance with a blanket rule that must be necessarily based on insufficient psychological data.

But regardless of what practice a particular trial judge may adopt generally, or on a case by case basis, the cases make clear that it is not error, either under the statute or under the Constitution, for a proper instruction to be given over the objection of the defendant.

struction is made. United States v. Reiburn, (2nd Cir. 1942) 127 F.2d 525; Bradford v. United States, (5th Cir. 1942), 129 F.2d 274; Pereira v. United States, (5th Cir. 1953) 202 F.2d 830, affirmed 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435.

[7] Although not required to do so because the question is beyond the scope of postconviction review, we find and determine that a proper instruction was given in this case; that it was not error to give that instruction over the objection of the defendant; and that, for the reasons we have stated, plaintiff's second Section 2255 motion should be and the same is hereby denied.

It is so ordered.