STATE OF IOWA, appellee, v. LYLE PERRY OSBORNE, appellant.

No. 51741.

(Reported in 139 N.W.2d 177)

DECEMBER 14, 1965.

More & More, of Harlan, for appellant.

Lawrence Scalise, Attorney General, and Don R. Bennett, Assistant Attorney General, for appellee.

RAWLINGS, J.— Defendant was convicted of breaking and entering in violation of section 708.8, Code of 1962. He did not testify at his trial. The county attorney in both his opening and closing arguments to the jury stated substantially as follows: "The defendant, Osborne, is the one person who could tell the jury what happened the night of the breaking and entering but he has elected not to testify, and an innocent person would take the witness stand and tell the jury where he was at this time."

The jury returned a verdict of guilty, defendant's motion for new trial was overruled, judgment was entered, and defendant appealed.

I. By his motion for a new trial and on this appeal he has charged prejudicial misconduct by the county attorney in commenting upon defendant's failure to testify.

We need not unduly belabor this matter. In the case of

State v. Johnson, 257 Iowa 1052, 1055, 135 N.W.2d 518, 520, we said: "Comment by counsel [county attorney] or the court on the failure of the accused in a criminal trial to testify violates the self-incrimination clause of Amendment 5 to the United States Constitution, which is made applicable to the states by Amendment 14 thereto."

This pronouncement was based upon the decision of the United States Supreme Court in Griffin v. California, 380 U. S. 609, 85 S. Ct. 1229, 14 L. Ed.2d 106, which clearly held comment by the prosecution on the accused's silence, or instructions by the court that such silence is evidence of guilt are forbidden.

The county attorney's arguments served to deprive defendant of a fair trial, and violated his constitutional rights, privileges and immunities.

II. Defendant also asserted in his motion for new trial and now contends the trial court erred in refusing to include in his instructions to the jury the following: "The failure of the defendant to testify does not deprive the defendant of the presumption of innocence, nor does it relieve the State of the burden of proving beyond a reasonable doubt the guilt of the defendant."

The record fails to disclose any request for this instruction. However, defendant, on appeal, asserts he made it and the assertion is admitted by the State. We, therefore, assume the request was made as claimed.

Section 781.12, Code, 1962, provides as follows: "Defendant as witness. Defendants in all criminal proceedings shall be competent witnesses in their own behalf, but cannot be called as witnesses by the state." We need not explore the historical background of this statute. Briefly stated, it serves to free any person accused in a state criminal prosecution from his common-law disability as a witness.

And, it stands without argument the State must prove each element of an offense charged beyond a reasonable doubt. In the early case of Tweedy v. State, 5 Iowa (Clarke) 433, 437, this court said: "* * * he [defendant] was not required to, and need not, assume to prove anything aside or out of the case, on the part of the government. He had a right to claim and insist,

that taking the facts and circumstances all together, as proved on both sides, he was not shown to be guilty; and if the facts constituting the transaction, on which the prosecution rested, did not prove beyond a reasonable doubt, that he committed the offence with which he was charged (or one necessarily included in it), he was entitled to an acquittal."

■ In addition to this, State v. Johnson and Griffin v. California, both supra, clearly disclose failure of accused to testify creates no inference of guilt. This means the silence of an accused may not be used directly or indirectly to aid the prosecution.

■ We are satisfied an accused is entitled to an instruction, if requested, to the effect his failure to testify creates no presumption or adverse inference against him. Bruno v. United States, 308 U. S. 287, 292, 60 S. Ct. 198, 200, 84 L. Ed. 257, and Franano v. United States, 243 F. Supp. 709. In any event, the giving of such an instruction, if demanded, would give to an accused no right to later complain, for error, if any, in complying with defendant's request would have then been invited. State v. Hammer, 246 Iowa 392, 66 N.W.2d 490.

A new trial should have been granted.—Reversed and remanded.

All JUSTICES concur.