STATE OF IOWA, appellee, v. JUNE WALLACE, appellant.

No. 52363.

(Reported in 152 N.W.2d 266)

JULY 11, 1967.

REHEARING DENIED SEPTEMBER 22, 1967.

Robert E. Konchar, of Cedar Rapids, for appellant.

Richard C. Turner, Attorney General, David A. Elderkin, Assistant Attorney General, and William Faches, Linn County Attorney, for appellee.

RAWLINGS, J.—Charged by county attorney's information with the crime of shoplifting goods having a value of more

than $20, defendant was tried, convicted and sentenced. She appeals.

Trial commenced July 25, 1966. At 3:30 p.m., the jury having been selected, the statutory oath administered and opening statements by counsel presented, the court declared a 15 minute recess.

The jury was not then admonished as directed by Code sections 780.21 and 780.22. Upon that basis defendant, in chambers, promptly moved for a mistrial. The motion was overruled.

About 4 p.m. all members of the jury returned into open court and the trial judge then gave the statutory admonition.

Defendant did not testify. At close of all the evidence the jury was advised by instruction 9 as follows: "In this case the defendant has failed to take the witness stand in her own behalf. The defendant is not required to testify in her own behalf and no inference should be drawn from the fact that she fails to testify as to her guilt or innocence, as the burden is upon the State to prove the guilt of the defendant, as defined in these instructions."

Defendant's appeal presents two errors: (1) Failure to admonish the jury before the recess, declared after presentation of opening statements by counsel, and (2) giving instruction 9 relative to her failure to testify.

We find no merit in either of these assigned errors.

I. Prior to any progress-of-trial separation a jury should always be admonished as required by law. See Code sections 780.21, 780.22, and rule 199, Rules of Civil Procedure.

However this court has previously held, failure to so admonish the jury is a technical defect in procedure which does not call for a reversal unless it appears prejudice has in some way resulted to the complaining party. State v. Jensen, 245 Iowa 1363, 1369, 1370, 66 N.W.2d 480.

Then in State v. Allison, 260 Iowa 176, 181, 147 N.W.2d 910, 913, citing State v. Jensen, supra, we held, in order to justify the grant of a new trial for failure of the court to give the prescribed admonition we must know, or be able to strongly presume, prejudice occurred.

■ The record in the case at hand fails to disclose that during the short recess period any member of the jury engaged in conduct which could in any sense be said to be prohibited by law.

Furthermore, though counsel for defendant moved for mistrial promptly after the subject recess had been declared, he voiced no in-court objection to the procedure and afforded the trial judge no opportunity to correct the error of omission with the jury still present.

Without determining whether, under a showing of materially different circumstances, this silence would or would not constitute a waiver of objection, we conclude: (1) The error here involved is not so fundamental it could not be waived, and (2) defendant did waive the error of which she now complains by failure to make timely and appropriate objection.

In support of the foregoing see State v. Thompson, 254 Iowa 331, 337, 338, 117 N.W.2d 514; Lancaster v. State, 226 Ark. 820, 294 S.W.2d 348, 349, 350; Brown v. State, 245 Ind. 604, 201 N.E.2d 281, 283; Midgett v. State, 223 Md. 282, 164 A.2d 526, 532–535; State v. Alton, 139 Mont. 479, 365 P.2d 527, 540; 89 C.J.S., Trial, section 454, page 78; and 53 Am.Jur., Trial, section 890, page 641.

Confining ourselves to the factual situation here disclosed we find no reversible error in the trial court's failure to give the statutory pre-recess admonition.

II. Defendant now challenges instruction 9, supra, having asserted no objection to it either in course of trial or by motion for a new trial.

■ Ordinarily we do not consider an assignment of error first urged on appeal as to a given instruction. State v. Ford, 259 Iowa 744, 751, 145 N.W.2d 638, 642, and authorities cited.

■ In addition defendant, by her assignment on this point, again for the first time, invokes Amendments 5 and 14, Constitution of the United States. In that regard we have also held constitutional questions cannot be effectively raised initially on appeal. State v. Jones, 253 Iowa 829, 834, 113 N.W.2d 303.

■ On the other hand Code section 793.18 requires that we examine the record, without regard to technical errors or de-

fects which do not affect the substantial rights of the parties, to the end there may be such judgment on the record as law and justice demand. See State v. Kelley, 253 Iowa 1314, 1318, 115 N.W.2d 184.

Furthermore this court may review an alleged error raised here for the first time, as a matter of grace. 41 Iowa Law Review 451.

■ In the instant case defendant's claim that instruction 9 violated her constitutional privilege to remain silent unquestionably involves a fundamental right. It will be accordingly considered. See Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed. 2d 705, and Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L. Ed. 257.

III. Defendant contends Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, supports her claim to the effect the giving of the subject instruction violated her constitutional privileges and immunities.

This court has not heretofore been called upon to determine the propriety of an instruction such as is now before us.

In State v. Barton, 258 Iowa 924, 927, 140 N.W.2d 886, 888–891, we condemned an instruction which stated as follows:

" 'The defendant did not testify before you as a witness. He has a legal right to testify or not as he chooses. The burden rests upon the State to prove all the material allegations of the indictment beyond a reasonable doubt.

" 'The fact that defendant did not testify in his own behalf may be considered by you together with all the evidence in the case bearing upon this subject in determining the question of the guilt or innocence of the defendant.' "

And the giving of an instruction which told the jury defendant's failure to testify could be considered "an inference of guilt" was disapproved in State v. Raymond, 258 Iowa 1339, 1343, 142 N.W.2d 444, 447.

It also appears the question here posed has never been specifically passed upon by the Supreme Court of the United States.

In Bruno v. United States, supra, the court held *when a defendant so requests* he is entitled to an instruction to the effect

his failure to testify creates no presumption against him. See also State v. Osborne, 258 Iowa 390, 139 N.W.2d 177.

The problem we must here resolve is whether, in the absence of a request by the accused, an instruction to the effect no inference shall be drawn from defendant's failure to testify, is constitutionally prohibited.

Referring again to Griffin v. State of California, supra, loc. cit., 380 U.S. 614, 615, 85 S.Ct. 1232, 1233, the court there said, "* * * comment on the refusal to testify is a remnant of the 'inquisitorial system of criminal justice,' Murphy v. Waterfront Comm., 378 U.S. 52, 55, 84 S.Ct. 1594, 1596, 12 L.Ed2d 678, which the Fifth Amendment outlaws. It is a penalty imposed by courts for exercising a constitutional privilege. It cuts down on the privilege by making its assertion costly. It is said, however, that the inference of guilt for failure to testify as to facts peculiarly within the accused's knowledge is in any event natural and irresistible, and that comment on the failure does not magnify that inference into a penalty for asserting a constitutional privilege. [Authorities cited.] *What the jury may infer, given no help from the court, is one thing. What it may infer when the court solemnizes the silence of the accused into evidence against him is quite another.* * * *

"We said in Malloy v. Hogan, supra, 378 U.S. p. 11, 84 S.Ct. p. 1495, that 'the same standards must determine whether an accused's silence in either a federal or state proceeding is justified.' We * * * hold that *the Fifth Amendment,* in its direct application to the Federal Government and in its bearing on the States *by reason of the Fourteenth Amendment, forbids* either comment by the prosecution on the accused's silence or *instructions by the court that such silence is evidence of guilt.*" (Emphasis supplied.)

From this it is to us crystal clear the court there went not one step beyond the point of condemning an instruction which serves to give the silence of an accused any coloration of evidence against him.

However various federal courts have dealt with the specific problem here presented.

In Franano v. United States, 243 F.Supp. 709, 711, an instruction similar to that involved in the instant case was given

over defendant's objection, and the court said: "Petitioner, of course, contends that unless a defendant requests such an instruction it is error. Petitioner argues that such an instruction highlights and emphasizes the fact that the accused did not take the stand and therefore was an improper comment·which tended to create an adverse presumption against him. The authority is all the other way. Kreuzer v. United States (8th Cir. 1918), 254 F. 34 at 38, cert. den. 249 U.S. 603, 39 S.Ct. 260, 63 L.Ed. 798; United States v. Garguilo (2nd Cir. 1962), 310 F.2d 249 at 252; Windisch v. United States (5th Cir. 1961), 295 F.2d 531 at 533; Chadwick v. United States (5th Cir. 1941), 117 F.2d 902 at 904-905; Smith v. United States (1940), 72 App. D.C. 187, 112 F.2d 217 at 219; Hanish v. United States (7th Cir. 1915), 227 F. 584 at 587."

United States v. Garguilo, supra, dealt with the same prob-, lem now confronting us, and the court, in that case, made the following pertinent observations: "It is far from clear that such an instruction is prejudicial to a defendant; the chances are rather that it is helpful. The jurors have observed the defendant's failure to take the stand; in the absence of instruction, nothing could be more natural than for them to draw an adverse inference from the lack of testimony by the very person who should know the facts best. And 'despite the vast accumulation of psychological data, we have not yet attained that certitude about the human mind which would justify * * * a dogmatic assumption that jurors, if properly admonished, neither could nor would heed the instructions of the trial court that the failure of an accused to be a witness in his own cause "shall not create any presumption against him." ' Bruno v. United States, supra, 308 U.S. at 294, 60 S.Ct. at 200."

Added to this is the following pointed statement in Becher v. United States (2 Cir.), 5 F.2d 45, 49: "In his charge the learned trial judge without request from the defendants mentioned the fact that they had not taken the stand. With some elaboration he instructed the jury that no inference of guilt could be drawn from this. Becher now urges that any allusion to the fact was reversible error. *It is no doubt better if a defendant requests no charge upon the subject, for the trial judge to say nothing about it; but to say that when he does, it is error,*

*carries the doctrine of self-incrimination to an absurdity."* (Emphasis supplied.) See also 22A C.J.S., Criminal Law, section 593, page 364, and 21 Am.Jur.2d, Criminal Law, section 356, page 383.

■ We now hold, when a defendant objects it is the better practice to give no instruction whatsoever relative to his failure to testify, but the giving of an instruction, absent objection by defendant, to the effect no inference of guilt or innocence be drawn by the jury from his failure to testify, does not constitute prejudicial error.

IV. No reversible error being found judgment of the trial court is—Affirmed.

All JUSTICES concur except MASON, J., who concurs in the result, and BECKER, J., who dissents.

MASON, J. (concurring specially in result)—I concur in the result on the ground defendant and his counsel made no objection on the trial or in the motion for new trial to the giving of instruction 9, apparently as a matter of trial strategy, and are therefore not in a position to complain of the instruction on this appeal.

BECKER, J.—I dissent. We now say that despite Griffin v. California it *is* permissible to comment on the failure of the defendant to take the stand as long as it is a friendly comment. Judge Friendly's speculation in United States v. Garguilo, 310 F.2d 249, may be right but the choice should be made by defendant and his lawyer, not by the court. I would reverse and remand for a new trial.