**STATE of Iowa, Appellee,**

v.

**Tyrone E. PIERCE, Appellant.**

**No. 62490.**

Supreme Court of Iowa.

Jan. 23, 1980.

Rehearing Denied Feb. 14, 1980.

Oliver O. Over, Jr., of Over, Over & Over, Council Bluffs, for appellant.

Thomas J. Miller, Atty. Gen., Douglas F. Staskal, Asst. Atty. Gen., and David E. Richter, County Atty., Pottawattamie County, for appellee.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant Tyrone E. Pierce raises seven issues in his appeal from conviction by jury and sentences for attempt to commit murder, robbery in the first degree and conspiracy to commit robbery. The charges were based on §§ 707.11, 711.1–.2, and 706.1, Supplement to the Code 1977. We find merit only in his contention that the trial court failed to state on the record its reasons for selecting the sentences imposed as required by Iowa R.Crim.P. 22(3)(d). Therefore we affirm the convictions but vacate the sentences and remand for resentencing.

Examined in its light most favorable to the verdicts, the evidence showed that defendant and four companions were together in an automobile in Council Bluffs in the early morning hours of March 18, 1978. They stopped at a tavern which the group thought about robbing. Defendant and two others went in to check it out but decided it was too crowded. Upon leaving the tavern,

defendant and one of his companions approached a man sitting in a car nearby, intending to rob him, and defendant shot him without obtaining anything from him.

In this appeal, the issues are whether (1) the definition of robbery in section 711.1 is unconstitutionally vague, (2) the foundation was sufficient for admission of a pistol into evidence, (3) a witness should have been excluded for violation of the court's sequestration order, (4) reversible error occurred because the court failed three times to admonish the jury before recesses, (5) an instruction on specific intent was deficient, (6) cumulative errors denied defendant a fair trial, and (7) the sentences should be vacated because a statement of reasons was not given.

*I. The constitutionality of the definition of robbery.* Before trial, defendant filed a motion to dismiss the trial information on the ground section 711.1 is vague in violation of the due process clauses of Iowa Const. art. 1, § 9, and U.S.Const. amend. XIV. This motion was overruled, and he assigns this ruling as error. The gist of his complaint is that the statute is vague because it defines robbery to include conduct which was not robbery at common law or under prior statutes.

■ Defendant has standing to make this attack on the statutes as applied to him because he is accused of conduct which he alleges would not have been robbery at common law or under former statutes. Applicable principles are discussed in *State v. Price*, 237 N.W.2d 813, 816 (Iowa), *appeal dismissed*, 426 U.S. 916, 96 S.Ct. 2619, 49 L.Ed.2d 370 (1976).

■ A penal statute must satisfy two standards to survive a due process vagueness attack: (1) it must give a person of ordinary intelligence fair notice of what is prohibited, and (2) it must provide an explicit standard for those who apply it. *Williams v. Osmundson*, 281 N.W.2d 622, 625 (Iowa 1979).

Section 711.1 defines robbery as follows:

A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property:

1. Commits an assault upon another.

2. Threatens another with or purposely puts another in fear of immediate serious injury.

3. Threatens to commit immediately any forcible felony.

It is immaterial to the question of guilt or innocence of robbery that property was or was not actually stolen.

Insofar as material here, section 711.2 provides that it is robbery in the first degree, a Class B felony, when the person inflicts serious injury during its perpetration.

■ Defendant alleges section 711.1 is unclear because it does not include taking as an element of robbery. As a result, it proscribes conduct which would not have been robbery at common law and which would have been merely assault with intent to rob under the predecessor statutes. *See* §§ 694.7, 711.1–.3, The Code 1977. Defendant contends he was therefore not given fair warning his conduct would be robbery and the departure from prior law makes the new statute confusing. He also says the statute is defective because conduct which would be robbery could also be assault while participating in a felony under section 708.3 of the present Code, which carries a lesser penalty.

The statute is not vague. The argument that a definition of crime which is otherwise clear is somehow made unclear because it departs from common law and prior statutes is novel and without support either in reason or authority. Due process does not require the legislature to give crimes the same elements they had at common law or under prior statutes. Nor does it bar a crime from being called robbery merely because the perpetrator does not succeed. It was not irrational for the legislature to make a person as culpable for a bungled robbery as for a successful one.

Defendant admits the change from prior law is clearly stated in section 711.1. It is confirmed by our construction of the statute in *State v. Holmes*, 276 N.W.2d 823, 825 (Iowa 1979), where we held theft is not a lesser included offense of robbery under section 711.1 because theft requires a taking and robbery does not. Thus it gives fair warning of what is prohibited and sufficient guidance to those who apply it. The statute is no less clear merely because the conduct proscribed may overlap conduct which is also proscribed under a separate statute.

We find no merit in defendant's attack on the constitutionality of section 711.1.

▇▇▇ *II. Admissibility of the gun.* Defendant objected to the admissibility of the pistol allegedly used in the shooting, alleging the State failed to show a requisite unbroken chain of custody. Testimony showed the gun was taken from one of defendant's companions by Detective Lyle Brown who tagged it and delivered it to the police property department, where it was kept in a locked cabinet to which two persons had access. One of those persons, the one who received the pistol from Brown, did not testify. The other person, who did testify, identified the weapon as the one which police records showed had been delivered by Brown. Detective Brown identified the pistol by serial number and testified it was the one he received from defendant's companion.

Defendant asserts the foundation was deficient because of the State's failure to offer the testimony of the person who received the weapon from Brown and put it in the locked cabinet. This assertion is untenable in view of the rule that continuous custody need not be shown as a foundation for admissibility of solid objects like guns which are not easily susceptible to undetected alteration. Relevant principles are delineated in *State v. Limerick*, 169 N.W.2d 538, 541–42 (Iowa 1969), elaborated on in *State v. Lunsford*, 204 N.W.2d 613, 616–18 (Iowa 1973), and applied in similar facts in *State v. Ash*, 244 N.W.2d 812, 816–17 (Iowa 1976).

The trial court did not abuse its discretion in overruling defendant's objection to admissibility of the pistol.

▇▇▇ *III. Enforcing the sequestration order.* Despite an order sequestering witnesses, Dr. Richard D. Gentry, called by the State to testify on the subject of the shooting victim's present condition and prognosis, had been in the courtroom through inadvertence during the testimony of Dr. Behrouz Rassekh, who told about the victim's injuries and treatment immediately after the shooting. The medical testimony concerned the "serious injury" element of robbery in the first degree.

Defendant acknowledges the trial court had discretion to allow Dr. Gentry's testimony despite the violation of the sequestration order. The purpose of an order of exclusion is "to lessen the danger of perjury, or at least of a suggestion to following witnesses of what their testimony should be to correspond with that previously given; to put each witness on his own knowledge of the facts to which he testifies rather than to have his memory refreshed, even guided, and his testimony colored by what has gone before." *In re Will of Smith*, 245 Iowa 38, 42, 60 N.W.2d 866, 869 (1953).

In this case Dr. Gentry had seen the report of Dr. Rassekh during the course of his care of the victim, and he heard nothing in the testimony which he had not previously read in the report. Moreover, he said his testimony was not affected by what he heard. In these circumstances, the trial court did not abuse its discretion in allowing Dr. Gentry's testimony.

▇▇▇ *IV. The failure to admonish jurors.* The trial court failed on three occasions to admonish the jurors prior to recesses during the course of trial. The duty to admonish is delineated in Iowa R.Crim.P. 18(5)(d) which requires the admonition to "be given or referred to by the court at each adjournment during the progress of the trial previous to the final submission of the cause to the jury."

Assuming, without deciding, that a recess during the trial day is an "adjournment" within the meaning of the rule, defendant has failed on two grounds to establish reversible error. He did not call the omissions to the attention of the trial court at a time when corrective action could be taken, and he has not shown prejudice from them. It was necessary for him to do both. *State v. Jensen*, 245 Iowa 1363, 1369–70, 66 N.W.2d 480, 483 (1954); *see State v. Wallace*, 261 Iowa 104, 106–07, 152 N.W.2d 266, 268 (1967); *State v. Allison*, 260 Iowa 176, 180–81, 147 N.W.2d 910, 913 (1967); *State v. Thompson*, 254 Iowa 331, 337–38, 117 N.W.2d 514, 517 (1962).

*V. The instruction on specific intent.* Defendant objected on three grounds to an instruction defining general and specific intent and contends the trial court erred in overruling the objection.

He first alleges the instruction was confusing because both definitions were given in the same instruction. However, the court was careful to contrast the two definitions, and giving the definitions in the same instruction furthered that purpose. Confusion was avoided rather than fostered.

Defendant next contends the instruction was deficient because it did not say the kind of intent necessary for robbery was specific intent. However, defendant was charged with a number of crimes and included offenses requiring proof of specific intent. The jury was separately told in the robbery marshalling instruction that intent to commit a theft is an element of robbery. It is difficult to understand how the jury could be misled into believing the necessary intent could be general when the intent instruction plainly stated that, in contrast to general intent, specific intent requires "a particularized state of mind" and "a determination that the doing of an act shall be with a certain purpose."

Instructions are to be read together. *State v. Johnson*, 243 N.W.2d 598, 604 (Iowa 1976). Read together, the intent and robbery marshalling instructions were not misleading. We find no merit in defendant's contention to the contrary.

Defendant's final complaint about the intent instruction is that it unconstitutionally shifted the burden of proof to him on the issue of specific intent. The jury was told it had the "right to infer that [the defendant] intended the natural and probable consequences which ordinarily follow his acts unless he intended a lesser act." The instruction also stated: "Specific intent is an essential element of the offenses charged, and it must be proved beyond a reasonable doubt." The other instructions placed the burden on the State to prove the elements of the offenses. In these circumstances, defendant's complaint is answered by the holding rejecting a similar claim in *State v. Rinehart*, 283 N.W.2d 319, 322–23 (Iowa 1979). The only significant difference in the two cases is the fact the instruction here contained the concluding phrase "unless he intended a lesser act," while the instruction in *Rinehart* did not. This language is a limitation on the inference and therefore does not support a different result.

We find no merit in defendant's challenge to the intent instruction.

*VI. The cumulative effect of errors.* Defendant contends the cumulative effect of the trial court's errors denied him a fair trial, even though one error alone might not have done so. However, defendant has failed to demonstrate any prejudice from any asserted error during the trial. Because no prejudice existed, he did not establish he was denied a fair trial by an accumulation of prejudice.

*VII. The failure to give reasons for the sentences.* The State concedes the trial court did not comply with Iowa R.Crim.P. 22(3)(d) by stating on the record its reasons for the sentences imposed. Under *State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979), the sentences must be vacated and the case remanded for resentencing. The convictions are unaffected.

AFFIRMED IN PART; SENTENCES VACATED; REMANDED FOR RESENTENCING.